IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

REAGAN DWAYNE REEDY and )
SUSAN ANNETTE REEDY, )
 )
    Plaintiffs, )
 )   Civil Action No. 7:17-CV-00238
v. )
 )
THE BANK OF WELLS FARGO, )
et al., )   By:   Michael F. Urbanski
 )   Chief United States District Judge
    Defendants. )

## MEMORANDUM OPINION

Pro se plaintiffs Reagan Dwayne Reedy and Susan Annette Reedy ("Reedys") bring this action seeking injunctive and declaratory relief arising out of the foreclosure of their property located in Pulaski, Virginia. ECF No. 1, at 2. They allege that defendants The Bank of Wells Fargo ("Wells Fargo"), Mortgage Electronic Registration System ("MERS"), Samual White, Esq., USA Funding Corp., and Does 1-100 violated the Truth in Lending Act ("TILA"), violated the Real Estate Settlement and Procedures Act ("RESPA"), and engaged in fraud and unfair and deceptive business practices; the Reedys also seek to quiet title and claim unconscionability. ECF No. 1, at 1, 14. Currently pending before the court are the Reedys' motion for temporary restraining order and preliminary injunction and motion for summary judgment (ECF Nos. 2 & 6), and Wells Fargo and MERS' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and motion to strike plaintiff's filings. ECF Nos. 7 & 16. These motions were referred to United States Magistrate Robert S. Ballou for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 11.

In a report and recommendation issued on December 12, 2017, the magistrate judge recommended that the court deny the Reedys' motions for injunctive relief and summary judgment, dismiss all unserved defendants without prejudice, and grant Wells Fargo's and MERS' motion to dismiss but allow the Reedys' leave to file an amended complaint regarding any claims for rescission under TILA. ECF No. 18. The report gave notice to the parties that they had fourteen days within which to file any objections. The Reedys thereafter filed late objections to the report (ECF No. 19),[1] and Wells Fargo and MERS responded on January 3, 2018. ECF No. 20.

For the reasons set forth below, the court will **ADOPT** the report and recommendation to the extent consistent with this opinion (ECF No. 18), **GRANT in part** Wells Fargo's and MERS' motion to dismiss (ECF No. 7), and **DENY** the Reedys' motion for summary judgment and motion for temporary restraining order and preliminary injunction. ECF Nos. 2, 6. The court also will provide the Reedys with leave to amend the complaint pursuant to the court's opinion.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

---

[1] The Reedys submitted their objections after the fourteen-day deadline provided by 28 U.S.C. § 636. As the objections are meritless and do not affect the court's review of the magistrate judge's report and recommendation, defendants are not prejudiced by consideration of the objections.

2

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

3

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

### III.

The court has reviewed the Reedys' objections to the magistrate judge's report and recommendation and finds their objections to be entirely without merit. Rather than address the legal principles and case law solidly framing the magistrate judge's report and recommendation, the Reedys ask the court to find that it lacks jurisdiction despite filing suit in this district. See Answer to Report & Recommendation by Hon. Robert S. Ballou. ECF No. 19, at 1. The Reedys broadly argue that federal courts do not have jurisdiction to hear actions outside of the District of Columbia. Id. at 1–2, 6.

Federal courts repeatedly have rejected arguments that they broadly lack jurisdiction. See, e.g., United States v. Harding, No. 7:13CR00008, 2013 WL 1832564, at *1 (W.D. Va. May 1, 2013) (reviewing cases rejecting similar jurisdictional arguments advanced by proponents of the sovereign citizen movement); Quigley v. Geithner, No. 1:09–CV–293–REB, 2010 WL 3613901, at *1 (D. Idaho Sept. 8, 2010) ("The [sovereign citizen] legal theory (in all of its various forms) has been struck down consistently by the courts."). The case that

the Reedys cite in their objections does not support their position. In United States v. Trowbridge, 591 F. App'x 298, 299 (5th Cir. 2015), the Fifth Circuit Court of Appeals found that the defendant's "argument that he is not a citizen of the United States is equally frivolous." The court did "not address his arguments further as there is 'no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest these arguments have some colorable merit.'" Id. (quoting Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984)).

The court has jurisdiction over this action. Under 28 U.S.C. § 1331, the court has federal question jurisdiction over Plaintiffs' TILA and RESPA claims. See 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); see also 12 U.S.C. § 2614 (providing for federal jurisdiction over RESPA claims); 15 U.S.C. § 1640(e) (providing for federal jurisdiction over TILA claims). For the state law claims, the court has jurisdiction through diversity jurisdiction based on the Reedys' allegations of damages in excess of $75,000,[2] see Compl., ECF No. 1, at 2, or supplemental jurisdiction because the Reedys' state law claims arose from issues common to the TILA and RESPA claims. See 28 U.S.C. § 1332 (providing for diversity jurisdiction over civil actions involving damages exceeding $75,000 between citizens of different states); id. at § 1367 (providing for supplemental jurisdiction over claims that are so related to claims with original jurisdiction "that they form part of the same case or controversy"). The court also has personal jurisdiction over this action as the Reedys allege that their suit arose out of defendants' foreclosure actions in the Commonwealth of

---

[2] The Reedys do not allege the states of incorporation or headquarters for the named defendants in their complaint. See generally ECF No. 1.

5

Virginia. See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017).

The court has jurisdiction over this case based on the law, regardless of the Reedys' views of the federal judicial system. See Armstrong v. James Madison Univ., No. 5:16-CV-53, 2017 WL 2399338, at *3 (W.D. Va. June 1, 2017) ("As such, a court is not free to disregard the law to conform to the views of any particular litigant."). The Reedys' objections are overruled in their entirety.

## IV.

Defendants Wells Fargo and MERS did not file an objection, but responded to the Reedys' answer to the magistrate judge's report and recommendation. See ECF No. 20. Wells Fargo and MERS request dismissal of the Reedys' complaint in its entirety with prejudice. See id., at 4. The court construes Wells Fargo and MERS' response as objecting to the magistrate judge's recommendation to dismiss Plaintiffs' TILA claim without prejudice.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs,

LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012). A plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe her claims liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). In light of the Reedys' status as pro se plaintiffs, the court will "consider both the complaint and the factual allegations in [the Reedys'] response to the motion to dismiss in determining whether [their] claims can survive dismissal." Shomo v. Apple, Inc., No. 7:14cv40, 2015 WL 777620, at *2 (W.D. Va. Feb. 24, 2015); see also Christmas v. The Arc of the Piedmont, Inc., No. 3:12cv00008, 2012 WL 2905584, at *2 (W.D. Va. July 16, 2012).

Congress passed TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). TILA requires creditors to make certain material disclosures at the time the loan is made. See Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012); see also 15 U.S.C. § 1638(a). TILA also provides that the borrower may remedy a creditor's failure to make required disclosures by seeking rescission of the loan, money damages, or both. See 15 U.S.C. §§ 1635(f)-(g), 1640; Gilbert, 678 F.3d at 276. Here, the Reedys appear to only seek rescission of the loan.

TILA provides consumers with two ways to rescind a transaction. The first is an automatic right to rescind, where a borrower may rescind the loan transaction within three business days of the consummation of the transaction. See Jesinoski v. Countrywide Home

7

Loans, Inc., 135 S. Ct. 790, 792 (2015) (citing 15 U.S.C. § 1635(f)). "Alternatively, this right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure." Csoka v. Bank of Am., N.A., No. 1:15–CV–0876–GBL–IDD, 2016 WL 270302, at *2 (E.D. Va. Jan. 21, 2016) (citing 12 C.F.R. § 1026.23(3)(i)). Rescission is not automatic. See Gilbert, 678 F.3d at 277 (4th Cir. 2012) ("We must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided.").

The Reedys appear to claim entitlement to rescission based on a failure to provide required disclosures. See Compl., ECF No. 1, at 7 ("As to rescission due to the Plaintiffs recognition of the fraud being perpetrated, for lack of full disclosure . . . the alleged contract is void nunc pro tunc in its entirety."). Pleading a claim for rescission pursuant to TILA under these circumstances requires: "(1) notice provided to the lender within the three year period; (2) either an indication that the lender consented to rescission or a request that the Court grant a rescission based on the facts alleged in the Complaint (including the identification of the disclosures the lender failed to provide); and (3) a present ability to tender the proceeds." See Davis v. White, No. 4:16-CV-18, 2017 WL 6273488, at *16 (E.D. Va. Dec. 8, 2017). The Reedys have not fulfilled the latter two requirements.

## A.

In order to effectuate rescission, the borrower must notify the creditor of his right to do so. See 15 U.S.C. § 1635(a). The Fourth Circuit has interpreted this clause as requiring *more* than a stated intent to rescind:

> The natural reading of [TILA] is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined. . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.

Parham v. HSBC Mortg. Corp., 826 F. Supp. 2d 906, 910 (E.D. Va. 2011) (quoting Am. Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 821 (4th Cir. 2007)). As discussed above, this notice must occur within three business days of the consummation of the loan transaction or within three years if the lender fails to make a material disclosure. See Jesinoski, 135 S. Ct. at 791–92.

According to the complaint, the Reedys' loan was executed on July 3, 2007.[3] ECF No. 1, at 5. The Reedys allege that they rescinded the loans in 2007 and 2009, and have attached "conclusive proof of rescission" to the complaint. ECF No. 1, at 7. A review of the complaint's attachments does not show an attempt to rescind in 2007. See Ex. A to Compl., ECF No. 1-1, at 1–5 (including "Notice/General and Special Right [claim] of Rescission Letter" dated June 4, 2016 and served June 4, 2017); Ex. C to Compl., ECF No. 1-3, at 21–22 (including record of instrument on November 8, 2007 that unilaterally removed, released, and discharged defendants from the property, but did not include request to rescind). The attachments included a September 6, 2009 Notice of Removal to the defendants that "[r]evokes/[c]ancels/[v]oids/[r]escinds any/all duties, appointments, or assignments" of Wells Fargo, MERS, and several other entities. See Ex. C to Compl., ECF No. 1-3, at 23–24.

---

[3] Wells Fargo and MERS state in their motion to dismiss Plaintiffs entered into the loan on June 21, 2007. See Defs.' Mem. of L. in Support of Their Mot. to Dismiss, ECF No. 8, at 3. The variance in alleged date does not affect the merits of this motion.

No service document was attached, but the Reedys alleged that they had "advised all parties known, that they rescinded said contract for lack of full disclosure. Copies were filed in the county recorders office." Compl., ECF No. 1, at 12. In response to the defendants' motion to dismiss, the Reedys attached an "asseveration of mailing under a notary seal" supporting their claimed service of the September 2009 letter. See Ex. 22 to Response to Mot. to Dismiss 12-B-6 on Case to Enforce Supreme Court Descission [sic] on Rescission with Evidences of Conspiracy and Lack of Disclosure Outside the Normal Course of Business Practices, ECF No. 12-22, at 9.

For the purposes of this motion to dismiss, the court finds that the Reedys have sufficiently alleged that they provided a written request for rescission to Wells Fargo and MERS within three years of the consummation of the loan. The attachments to the complaint and the response to the motion to dismiss, which the court considers given the Reedys' status as pro se plaintiffs, support the Reedys' allegation at this stage of the litigation that they provided notice of their request to rescind in 2009, only two years after the 2007 consummation of the loan. At this stage, therefore, the Reedys satisfy the threshold pleading requirement of providing initial notice.

**B.**

The Reedys' purported rescission "is not effective unless [the lender] consents to it, or this Court rules that [Plaintiff] is entitled to rescind." Parham, 826 F. Supp. 2d at 910. The Reedys do not allege that Wells Fargo, MERS, or any other lender consented to rescission, and appear to request a judicial determination that they are entitled to rescission. The second prong for a judicial finding of rescission requires a plaintiff to identify the disclosures that

the lender failed to make in their request for a judicial finding of rescission. See Csoka, 2016 WL 270302, at *4 (observing that "[p]laintiffs are only entitled to rescission of their loan if Defendant failed to satisfy a TILA disclosure requirement.") (citing Gilbert, 678 F.3d at 277). Courts have found that "[t]he required material disclosures include, among other things, the annual percentage rate, the method of determining the finance charge, and the amount of the finance charge." Parham, 826 F. Supp. 2d at 910 (citing 15 U.S.C. § 1639(a)).

The Reedys neglected to identify the disclosures that they failed to receive from the defendants. Instead, the Reedys make a general assertion that the defendants perpetrated a fraud "for lack of full disclosure" and "for failure to disclose all terms and conditions." Compl., ECF No. 1, at 7, 9. It is well-established that "[w]hen a plaintiff seeks rescission under TILA, courts in the Fourth Circuit take into consideration such factors as the technical nature of the violation, damages (or lack thereof), prior misstatements by the plaintiff, and other equitable factors in deciding whether a plaintiff has stated a claim." Canterbury v. J.P. Morgan Acquisition Corp., 958 F. Supp. 2d 637, 654 (W.D. Va. 2013) (citing Am. Mortg. Network., 486 F.3d at 819–21). Here, the court cannot engage in such a review because the complaint lacks specific information about the alleged lack of disclosure. The Reedys' failure to allege the missing disclosure or disclosures at issue prevents the presentation of a plausible claim for relief under TILA. The Reedys fail to satisfy the second requirement of a TILA action.

## C.

The Reedys further must plead their intent and ability "to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers," Powers

11

v. Sims & Levin, 542 F.2d 1216, 1221 (4th Cir. 1976), given that "[t]he equitable goal of rescission under TILA is to restore the parties to the 'status quo ante.'" Am. Mortg. Network, 486 F.3d at 820 (citing Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003); Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1140 (11th Cir. 1992)). Courts in the Fourth Circuit regularly dismiss rescission claims "where plaintiffs fail to allege or demonstrate they would be able to meet their tender obligation if rescission were ordered." Haas v. Falmouth Fin., LLC, 783 F. Supp. 2d 801, 806 (E.D. Va. 2011); see also Raja v. Merscorp, Inc., No. 1:14–CV–1663, 2016 WL 8938518, at *2 (E.D. Va. May 11, 2016), aff'd, 672 Fed. App'x 250 (4th Cir. 2016) (citations omitted) ("Plaintiffs have not stated a claim for rescission because they do not allege a present ability to tender the loan proceeds."). This present ability to tender proceeds is required irrespective of whether the lender consents to rescission or the court makes a judicial determination that the borrower is entitled to rescission.

The Reedys have made no representation regarding their present ability or intention to tender proceeds. See generally Compl. Nothing in the record suggests that the Reedys have the intention or ability to repay the defendants. See Murphy Brown v. Gorman, No. 115CV01265LMBMSN, 2016 WL 3702974, at *3–4 (E.D. Va. July 7, 2016), aff'd sub nom. Brown v. Gorman, 680 F. App'x 242 (4th Cir. 2017) (affirming bankruptcy finding that plaintiffs did not have ability to raise funds to tender remaining balance of mortgage loan nor had ability to raise funds within the next sixty days). Based on the complaint as filed, the Reedys fail to satisfy the third requirement of a TILA action.

These individual pleading failures prove fatal to the Reedys' attempts to establish their entitlement to rescission. As presented in the complaint, "[plaintiffs] claim the right to simply walk away with a windfall of [the outstanding balance of the loan] without any further obligation. This construction not only offends traditional notions of equity, but misinterprets the procedural requirements of § 1635(b)." Am. Mortg. Network, 486 F.3d at 820. However, given the Reedys' sufficient allegation of the first requirement of a TILA claim, and the possibility that it could allege sufficient facts to plead the second and third requirements, the court will allow the Reedys to amend their complaint as to the TILA claim only to correct the deficiencies set forth in this opinion.

## V.

The magistrate judge also recommended that the court dismiss the Reedys' remaining claims with prejudice, deny the Reedys' motions for injunctive relief, and dismiss the claims against the unserved defendants without prejudice under Federal Rule of Civil Procedure 4(m). See Report & Recommendation, ECF No. 18. While the magistrate judge based his recommendation on the Reedys' failure to conform to Rule 8, he also provided multiple individual grounds for dismissal. These additional claims and the alternate grounds for dismissal include: (1) fraud; (2) violations of RESPA; (3) that the Note and Deed of Trust were "split" during the securitization process and the holder of the note therefore does not have a perfected security interest; (4) that no defendant has produced the original Note, and thus, no defendant has proven it has authority to enforce the note or foreclose; (5) that the defendants failed to comply with the terms of the pooling and service agreement ("PSA");

(6) that the process of securitization has extinguished the Reedys obligations under their Note; and (7) quiet title.[4]

Although the Reedys filed a response to the report and recommendation (ECF No. 19), their objections appear to be limited to the court's jurisdiction. At best, any other intended objections are only general objections to the report and recommendation, and thus do not warrant de novo review. See Veney, 539 F. Supp. 2d at 844–46. After careful review, the court finds that the magistrate judge's recommendations are not clearly erroneous, and will grant Wells Fargo's and MERS' motion to dismiss the Reedys' remaining claims and deny the Reedys' motion for summary judgment. Because the court's dismissal of these claims is not based solely on the Reedys' failure to conform to Rule 8, the court's dismissal of the Reedys' remaining claims is WITH PREJUDICE.

Similarly, the court could discern no specific objection to the magistrate judge's recommendation to dismiss defendants who have not been served and have not made an appearance and to deny the Reedys' request for injunctive and declaratory relief. See Report & Recommendation, ECF No. 18, at 15–17. The court finds no clear error in the magistrate judge's recommendation to deny these motions, and will enter an order to that effect.[5]

---

[4] In the complaint, the Reedys allege "nine causes of action against defendants, including violation of [the Truth in Lending Act ("TILA") and Real Estate Settlement and Procedures Act ('RESPA'); fraud, unfair and deceptive business practice, unconscionability [sic], and quiet title." Compl. at 14, ECF No. 1. The magistrate judge construed the Reedys' complaint as the above claims.

[5] Wells Fargo and MERS asked the court to strike the Reedys' "Notice to the Court" (ECF No. 13) and "Admission and Stipulation in Support of Rescission Enforcement" (ECF No. 15) for being redundant, immaterial, and impertinent. See Defs.' Mem. in Support of Mot. to Strike Pls.' Filings, ECF No. 17, at 1. As the complaint has been dismissed with leave only to amend the TILA claim, this motion is denied as moot.

## VI.

For the reasons stated above, the court will **OVERRULE** the Reedys' objections (ECF No. 19), **ADOPT** the report and recommendation to the extent consistent with this opinion (ECF No. 18), **GRANT in part** Wells Fargo's and MERS' motion to dismiss (ECF No. 7), and **DENY** the Reedys' motion for temporary restraining order and preliminary injunction and motion for summary judgment (ECF Nos. 2, 6). The court **GRANTS LEAVE TO AMEND** the complaint solely as to the TILA violation in order to remedy the deficiencies set forth in this opinion and the magistrate judge's report and recommendation. Any amended complaint must be filed within fifteen (15) days of this opinion.

An appropriate Order will be entered this day.

Entered: 03-05-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge